1  Christina M. Wong (288171)
   christina.wong@bakermckenzie.com
2  BAKER & McKENZIE LLP
   Two Embarcadero Center, 11th Floor
3  San Francisco, CA 94111
   Telephone: (415) 576-3000
4  Facsimile: (415) 576-3099

5  Brendan D. Cook (Admitted Pro Hac Vice)
   brendan.cook@bakermckenzie.com
6  Courtney E. Giles (Admitted Pro Hac Vice)
   courtney.giles@bakermckenzie.com
7  BAKER & McKENZIE LLP
   700 Louisiana, Suite 3000
8  Houston, TX 77002
   Telephone: (713) 427-5000
9  Facsimile: (713) 427-5099

10 Attorneys for Plaintiff
   JOSEPH MLODZIANOWSKI

11 JOSEPH S. LEVENTHAL (221043)
   joseph.leventhal@dinsmore.com
12 DILLON D. CHEN (311190)
   dillon.chen@dinsmore.com
13 DINSMORE & SHOHL LLP
   655 West Broadway, Suite 800
14 San Diego, CA 92101
   Ph: (619) 400-0500
15 Fx: (619) 400-0501

16 Attorneys for Defendant
   BRIAN MARKUS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MLODZIANOWSKI, | No.  2:21-cv-01295 JAM DB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| BRIAN MARKUS, | |
| Defendant. | |

## 1. A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**B.     GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.   Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a

confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. DEFINITIONS

2.1 <u>Action</u>: the above-captioned lawsuit pending in the United States District Court for the Eastern District of California, case number 2:21-CV-01295-JAM-DB.

2.2 <u>"ATTORNEYS' EYES ONLY" Information or Items</u>:  extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.3 <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.4 <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.7 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

///

2.9 <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

1   Any use of Protected Material at trial shall be governed by the orders of the trial

2   judge.  This Order does not govern the use of Protected Material at trial.

3   **4.  DURATION**

4   Once a case proceeds to trial, information that was designated as

5   CONFIDENTIAL or ATTORNEYS' EYES ONLY or maintained pursuant to this

6   protective order used or introduced as an exhibit at trial becomes public and will be

7   presumptively available to all members of the public, including the press, unless

8   compelling reasons supported by specific factual findings to proceed otherwise are

9   made to the trial judge in advance of the trial.  *See Kamakana v. City and County of*

10   *Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause"

11   showing for sealing documents produced in discovery from "compelling reasons"

12   standard when merits-related documents are part of court record).  Accordingly, the

13   terms of this protective order do not extend beyond the commencement of the trial.

14   **5.  DESIGNATING PROTECTED MATERIAL**

15   5.1   Materials that contain sensitive information may be designated as

16   "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY." Material may be

17   designated as "CONFIDENTIAL" only to the extent that it contains (1) confidential

18   information that if disclosed to competitors, customers, suppliers, other contracting

19   parties, or other third parties with whom the producing party or the person whose

20   information is being produced is doing business, could result in a material commercial

21   harm to the producing party or the person whose information is being produced, or

22   would give competitors, customers, suppliers, other contracting parties, or other third

23   parties with whom the producing party or the person whose information is being

24   produced is doing business commercial advantage, (2) information subject to pre-

25   existing statutory, regulatory, administrative, or confidentiality obligations, or (3) non-

26   public, financial information.

27   Material may be designated as "ATTORNEYS' EYES ONLY" only to the

28   extent that it contains extremely sensitive "CONFIDENTIAL" information or items

that are (1) trade secrets, (2) highly sensitive technical information, or (3) highly sensitive customer or business-related financial information or personal information, and that the disclosure of which would create a substantial risk of serious harm to the producing party or the person whose information is being produced that could not be avoided by less restrictive means. "ATTORNEYS' EYES ONLY" materials must remain in the possession of counsel at all times. The producing party will make such a designation only as to those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or other sensitive information.

5.2 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.3 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

1    Designation in conformity with this Order requires:

2    (a)  for information in documentary form (e.g., paper or electronic documents,

3    but excluding transcripts of depositions or other pretrial or trial proceedings), that the

4    Producing Party affix at a minimum, the legend "CONFIDENTIAL" or

5    "ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each

6    page that contains protected material.  If only a portion of the material on a page

7    qualifies for protection, the Producing Party also must clearly identify the protected

8    portion(s) (e.g., by making appropriate markings in the margins).

9    A Party or Non-Party that makes original documents available for inspection

10   need not designate them for protection until after the inspecting Party has indicated

11   which documents it would like copied and produced.  During the inspection and before

12   the designation, all of the material made available for inspection shall be deemed

13   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  After the inspecting Party

14   has identified the documents it wants copied and produced, the Producing Party must

15   determine which documents, or portions thereof, qualify for protection under this

16   Order.  Then, before producing the specified documents, the Producing Party must affix

17   the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only

18   a portion of the material on a page qualifies for protection, the Producing Party also

19   must clearly identify the protected portion(s) (e.g., by making appropriate markings in

20   the margins).

21   (b)    for testimony given in depositions that the Designating Party identifies the

22   Disclosure or Discovery Material on the record, before the close of the deposition all

23   protected testimony.

24   (c)    for information produced in some form other than documentary and for

25   any other tangible items, that the Producing Party affix in a prominent place on the

26   exterior of the container or containers in which the information is stored the legend

27   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If only a portion or portions

28

of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4 <u>Inadvertent Failures to Designate</u>.  If a Producing Party determines that it has inadvertently disclosed Confidential Information, correction and notice thereof shall be made in writing, accompanied by substitute copies of the documents, materials, or information appropriately designated.  If timely corrected (i.e., within 14 days of discovery of the inadvertent disclosure), an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time before trial in the Action, or that is otherwise consistent with the operative Scheduling Order.

6.2 <u>Meet and Confer</u>.  The Challenging Party shall provide notice, in writing, to the Designating Party, of any challenge to the designation of confidentiality.  The notice shall identify the specific documents or information for which the designation is being challenged.  If the parties are unable to reach a resolution as to the challenge, the parties shall commence the Joint Statement re Discovery Disagreement procedures set forth in Local Rule 251.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action and in any appeal in this matter.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Information or Items</u>.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the Parties to this Action;

(c)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)   the court and its personnel;

(f)   court reporters and their staff;

///

///

(g)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

In the event that documents or testimony are designated as "ATTORNEYS' EYES ONLY," such information shall not be disclosed or shown to anyone other than the persons described in paragraph 7.2(a), (d), (e), (f), (g), (h) or (j).

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"  that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or

1  order is subject to this Protective Order.  Such notification shall include a copy of this
2  Stipulated Protective Order; and

3      (c)    cooperate with respect to all reasonable procedures sought to be pursued
4  by the Designating Party whose Protected Material may be affected.

5      If the Designating Party timely seeks a protective order, the Party served with
6  the subpoena or court order shall not produce any information designated in this action
7  as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by
8  the court from which the subpoena or order issued, unless the Party has obtained the
9  Designating Party's permission.  The Designating Party shall bear the burden and
10  expense of seeking protection in that court of its confidential material and nothing in
11  these provisions should be construed as authorizing or encouraging a Receiving Party
12  in this Action to disobey a lawful directive from another court.

13  **9.   A   NON-PARTY'S   PROTECTED MATERIAL SOUGHT TO**
14  **BE PRODUCED IN THIS LITIGATION**

15      (a) The terms of this Order are applicable to information produced by a Non-
16  Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES
17  ONLY."  Such information produced by Non-Parties in connection with this litigation
18  is protected by the remedies and relief provided by this Order.  Nothing in these
19  provisions should be construed as prohibiting a Non-Party from seeking additional
20  protections.

21      (b) In the event that a Party is required, by a valid discovery request, to
22  produce a Non-Party's confidential information in its possession, and the Party is
23  subject to an agreement with the Non-Party not to produce the Non-Party's confidential
24  information, then the Party shall:

25          (1)    promptly notify in writing the Requesting Party and the Non-
26          Party that some or all of the information requested is subject to a confidentiality
27          agreement with a Non-Party;
28  ///

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.   MISCELLANEOUS

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141 and with any pertinent orders of the Court.   No Confidential Information, including but not limited to transcripts, depositions, exhibits, and pleadings, shall be filed with the Court or used in a hearing unless the party seeking to file or use the Confidential Information has provided, at least two (2) business days before the intended use, written notice to all parties and any person claiming the information is Confidential Information, of its intent to use any information designated as Confidential Information.

## 13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

1  Designating Party) by the 60 day deadline that (1) identifies (by category, where
2  appropriate) all the Protected Material that was returned or destroyed and (2) affirms
3  that the Receiving Party has not retained any copies.  Notwithstanding this provision,
4  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial,
5  deposition, and hearing transcripts, legal memoranda, correspondence, deposition and
6  trial exhibits, expert reports, attorney work product, and consultant and expert work
7  product, even if such materials contain Protected Material.  Any such archival copies
8  that contain or constitute Protected Material remain subject to this Protective Order as
9  set forth in Section 4 (DURATION).

10     **14.   VIOLATION**

11        Any violation of this Order may be punished by appropriate measures including,
12  without limitation, contempt proceedings and/or monetary sanctions.

13        **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

14                                  Respectfully submitted,

15  Dated:  May 5, 2022            DINSMORE & SHOHL LLP

16

17                                  By:  */s/ Dillon D. Chen*
18                                      JOSEPH S. LEVENTHAL
19                                      joseph.leventhal@dinsmore.com
                                        DILLON D. CHEN
20                                      dillon.chen@dinsmore.com

21                                  Attorneys for Defendant
22                                  BRIAN MARKUS

23  Dated:  May 5, 2022            BAKER & McKENZIE LLP

24

25                                  By:  */s/ Christina M. Wong, as authorized on*
26                                      *4/29/22*

27                                      Christina M. Wong
                                        christina.wong@bakermckenzie.com
28

Attorneys for Plaintiff
JOSEPH MLODZIANOWSKI

**<u>ORDER</u>**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1.  Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2.  The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal.  Parties are advised that any request to seal documents in this district is governed by Local Rule 141.  In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made.  L.R. 141(a).  However, a mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

3.  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause."  <u>Ctr. for Auto Safety v. Chrysler Grp.</u>, LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4.  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5.  With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6.  The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7.  Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8.  Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: May 17, 2022                         /s/ DEBORAH BARNES
                                            UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3    I, _____, of _____ , declare under

4 penalty of perjury that I have read in its entirety and understand the Stipulated

5 Protective Order that was issue by the United States District Court for the Eastern

6 District of California on in the case of *Joseph Mlodzianowski v. Brian Markus*, Case

7 No. 2:21-CV-01295-JAM-DB.  I agree to comply with and to be bound by all the terms

8 of this Stipulated Protective Order and I understand and acknowledge that failure to so

9 comply could expose me to sanctions and punishment in the nature of contempt.  I

10 solemnly promise that I will not disclose in any manner any information or item that is

11 subject to this Stipulated Protective Order to any person or entity except in strict

12 compliance with the provisions of this Order.

13    I further agree to submit to the jurisdiction of the United States District Court

14 for the Eastern District of California for the purpose of enforcing the terms of this

15 Stipulated Protective Order, even if such enforcement proceedings occur after

16 termination of this action.  I hereby appoint _____of _____

17 _____ as my California agent for service of process in connection with

18 this action or any proceedings related to enforcement of this Stipulated Protective

19 Order.

20

21 Date: _____

22 City and State where sworn and signed: _____

23 Printed Name: _____

24 Signature: _____

25

26

27

28

STIPULATED PROTECTIVE ORDER