UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MLODZIANOWSKI, | No. 2:21-cv-1295 JAM DB |
| Plaintiff, | |
| v. | ORDER |
| BRIAN MARKUS, | |
| Defendant. | |

      On May 26, 2022, defendant filed a motion to compel together with the parties' Joint Statement re Discovery Disagreement and noticed the motion for hearing before the undersigned on June 17, 2022, pursuant to Local Rule 302(c)(1).  (ECF No. 32.)  Review of the Joint Statement finds the parties' briefing inadequate and insufficient to resolve the parties' dispute.

      In this regard, the undersigned certainly appreciates and encourages concise briefing, as evidenced by the undersigned's Standard Information re discovery disputes found on to the court's web page at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.  That document explains that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits.[1]  See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-

---

[1] The parties are advised that title pages, tables of contents, tables of citations, etc., all count toward the twenty-five-page limit.

1

judge-deborah-barnes-db. Here, however, the parties' Joint Statement consist of just 12 pages of briefing for a dispute that appears to concern some 27 requests for production. (JS (ECF No. 32-1) at 3.)

Moreover, Local Rule 251(c)(3), requires that:

> Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto, shall be reproduced in full. The respective arguments and supporting authorities of the parties shall be set forth immediately following each such objection. When an objection is raised to a number of items or a general protective order is sought that is related to a number of specific items, the arguments and briefing need not be repeated.

Admittedly, the undersigned routinely elects not to enforce this provision when the parties' briefing nonetheless sufficiently and clearly articulates the discovery items at issue as well as the parties' respective arguments. Indeed, it is often preferable that the parties not reproduce in full each discovery item at issue. Here, however, the Joint Statement fails to articulate the discovery requests at issue as well as plaintiff's responses, aside from vague and conclusory assertions.

The Joint Statement reflects that defendant is seeking:

> Plaintiff's financial records and tax documents (RFP Nos. 27-29), documents related to the Texas Cyber Summit (RFP Nos. 36-39), documents related to Plaintiff's marketing and events at DEFCON (RFP Nos. 30, 32, 34, 35, 40, 41), documents related to Plaintiff's other revenues of income and Plaintiff's businesses outside of Aries Security that Plaintiff created using Aries' trade secrets (RFP Nos. 27-29, 31, 33, 42-46), and Plaintiff's communications with other individuals related to Aries and Aries' finances (RFP Nos. 47-56).

(Id. at 3.) The Joint Statement does not state or even allude to the phrasing of any of these requests. The Joint Statement also asserts that "Plaintiff's responses to Defendant's document requests are attached hereto as Exhibit A." (Id. at 2.) There is no Exhibit A attached the filing. Plaintiff's arguments in opposition are similarly vague and conclusory. While plaintiff asserts that defendant's requests are made pursuant to "bare accusation," and seek "invasive and broad discovery," plaintiff does not discuss any specific request at issue. (Id. at 7, 10.)

////

"[O]bjections not raised in a written response to discovery may not be raised for the first time in a discovery motion." O. L. v. City of El Monte, Case No. 2:20-cv-0797 RGK (JDEx), 2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021). "Similarly, objections asserted in discovery responses but not raised in briefing on a discovery motion are also waived." (Id.) Here, the parties have failed to provide the Court with the necessary information related to the discovery requests and responses at issue necessary to resolve the parties' dispute.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 26, 2022 motion to compel (ECF No. 32) is denied without prejudice to renewal; and

2. The June 17, 2022 hearing is vacated.

DATED: June 13, 2022           /s/ DEBORAH BARNES
                               UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/mlodzianowski1295.mtc.den.brief.ord